UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACTO BY NIGHT, INC.,

      Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

No. 2:26-cv-00035-DC-SCR

ORDER DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE

(Doc. No. 8)

On January 29, 2026, the court issued an order directing Plaintiff to show cause "why Plaintiff has failed to comply with Local Rule 230(c)," specifically because Plaintiff did not file an opposition or a statement of non-opposition to Defendant's pending motion to dismiss as required. (Doc. No. 12.) Plaintiff was also directed to show cause "why this action should not be dismissed due to Plaintiff's failure to appear through counsel," as is required for a corporation. (*Id.*) Plaintiff did not file a response as directed and did not otherwise communicate with the court.

Consequently, on February 20, 2026, the court issued an order directing Plaintiff to show cause by no later than March 3, 2026, "why this action should not be dismissed due to Plaintiff's failure to comply with court Orders, failure to comply with the Local Rules, and failure to prosecute." (Doc. No. 14.) After Plaintiff's deadline to respond to that order passed, Plaintiff sought and received an extension of time in which to respond. (Doc. Nos. 15, 16.) On March 20,

1

2026, Plaintiff filed a response and requested additional time in which to obtain counsel. (Doc. No. 18.) On March 25, 2026, the court extended the deadline for Plaintiff to file a Notice of Appearance by Counsel retained to represent Plaintiff in this action to May 25, 2025. (Doc. No. 19.) Plaintiff was also "warned that failure to obtain Counsel to represent it in this action, as required by Local Rule 183(a), will result in a dismissal of this action." (*Id.*) Plaintiff's deadline to file a notice of appearance by counsel has passed, and Plaintiff has failed to appear through counsel as is required for a corporate party.

In light of Plaintiff's failure to timely comply with the court's March 25, 2026 order, it appears that Plaintiff no longer wishes to prosecute this action but rather has abandoned the litigation.

In determining whether to dismiss a case for lack of prosecution, courts consider the follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Defendant all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. Finally, with respect to availability of less drastic sanctions, the court has considered

2

alternative measures. The issuance of another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to Plaintiff's failure to prosecute and failure to comply with the court's order, including the Local Rules.

For the reasons set forth above,

1.    This action is DISMISSED, without prejudice, due to Plaintiff's failure to prosecute this action and failure to comply with a court order, including the Local Rules;

2.    Defendant's pending motion (Doc. No. 8) is DENIED as having been rendered moot by this order; and

3.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **June 18, 2026**

_____
Dena Coggins
United States District Judge

3